UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN GRECO<br><br>　　　　　　　　　　　Plaintiff,<br>　　　　　v.<br>TRANS UNION, LLC,<br><br>　　　　　　　　　　　Defendant. | **COMPLAINT AND JURY DEMAND** |

Plaintiff alleges:

## INTRODUCTION

1. Plaintiff, Kevin Greco, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"). Plaintiff alleges Defendant Trans Union, LLC ("Trans Union") failed to note on his credit report an account was in dispute, despite Plaintiff's having disputed he debt numerous times.

2. Plaintiff seeks statutory, actual, and punitive damages for himself and class members, injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

3. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conduct business within the state of New Jersey, and violated Plaintiffs rights under the FCRA in the state of New Jersey as alleged more fully below.

4. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

-2-

5. Plaintiff, Kevin Greco ("Plaintiff"), is a resident of the State of New Jersey, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Trans Union is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

## COUNT I
## FAILURE TO NOTE ACCOUNT IN DISPUTE
## 15 U.S.C. § 1681i

7. All preceding paragraphs are realleged.

8. Credit reports concerning Plaintiff prepared by Trans Union beginning in 2009 and through the present list a debt in Plaintiff's name to "Seterus Inc." ("Seterus").

9. Plaintiff notified Trans Union repeatedly that he disputed the Seterus debt as set forth on his credit report.  Beginning in 2014, Plaintiff notified Trans Union that he disputed the Seterus debt as it appear on his Trans Union credit report, and again, by certified mail (tracking number: 7013 2250 0001 7493 5115) in March of 2015, Plaintiff notified Trans Union that he disputed the Seterus debt as it appears in his Trans Union credit report.

10. Trans Union did not remove the Seterus debt from Plaintiff's credit report, and has on-goingly failed to note on Plaintiff's credit report that the Seterus debt is disputed by Plaintiff.

11. In contrast to Trans Union, other credit reporting agencies who have prepared credit reports concerning Plaintiff which list the same Seterus debt, have noted, and continue to note, on their credit reports that Plaintiff disputes the Seterus debt.

12. Pursuant to sections 1681i(b) and (c) of the FCRA, Trans Union is obligated to note on any credit report it prepares concerning Plaintiff that Plaintiff disputes the Seterus debt.

13. The Court of Appeals for the Third Circuit has made clear, "[W]e do not suggest that a consumer must make more than one request to have notice of a dispute included in a credit report under 15 U.S.C. § 1681i(b) and (c)." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 715 n.34 (3d Cir. 2010). *See also*, *Templeman v. Trans Union, LLC*, 14-cv-4922, 2015 WL 337651, at *4 (January 22, 2015) (quoting *Cortez*).

14. Plaintiff has been harmed by Trans Union's failure to note that Plaintiff disputes the Seterus debt, including, without limitation, by the fact the Seterus debt appears as an undisputed past-due debt on Plaintiff's credit report.

15. In light of Plaintiff's repeatedly disputing the Seterus debt, Trans Union's conduct is manifestly willful, giving rise to liability under 15 U.S.C. § 1681n, or in the alternative, negligent, giving rise to liability under 15 U.S.C. § 1581o.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Awarding Plaintiff statutory damages;

B. Awarding Plaintiff such actual damages as shall be shown at trial;

C. Awarding Plaintiff costs of this action and reasonable attorneys' fees and expenses;

D. Awarding pre-judgment interest and post-judgment interest;

E. A declaration that Defendants' conduct alleged herein is in violation of the FCRA as set forth more fully above;

F. A court order enjoining Defendants from such further violations of the FCRA as alleged herein;

G. All such further relief as this Court may deem just and proper.

Dated: June 09, 2015

           s/ Ari H. Marcus, Esq.
           Ari Marcus, Esq.
           MARCUS LAW, LLC
           1500 Allaire Avenue, Suite 101
           Ocean, New Jersey 07712
           Telephone: (732) 695-3282
           Facsimile: (732) 298-6256
           *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all issues so triable.

Dated: June 09, 2015

           */s/ Ari Marcus*
           Ari Marcus, Esq.